IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CEDRIC A. GRAY,

                Plaintiff,

v.

BRITTANY MCCOLLOUGH,

                Defendant.

OPINION and ORDER

22-cv-630-wmc

---

Plaintiff Cedric Gray, representing himself, claims that defendant Brittany McCollough, a correctional officer at Wisconsin Secure Program Facility ("WSPF"), violated his rights under the Eighth and First Amendments, as well as under state law, by refusing to deliver his medications and refer him to psychological services when requested. Before the court is defendant's motion for summary judgment. (Dkt. #32.) The court will now grant that motion because, even viewing the record evidence in a light most favorable to Gray, no reasonable jury could find that defendant violated his constitutional or state law rights.

UNDISPUTED FACTS[1]

In April 2022, plaintiff Gray was incarcerated at WSPF, where defendant

---

[1] The following facts are drawn in the light most favorable to plaintiff, as the nonmoving party, from defendant's proposed findings of facts and evidence in the record. Although plaintiff did not submit proposed findings of fact or responses to defendant's proposed findings, the court has considered the allegations of his sworn complaint insofar as they state facts about which plaintiff would have personal knowledge.

McCoullough worked as a correctional officer. On April 28, 2022, Gray pressed the emergency button in his cell stating that he recently had a death in his family, was suffering severe mental anguish, and needed to speak to someone in the psychological services unit ("PSU"). According to Gray, Officer McCollough responded that she had "no time for this bullshit" and turned off the intercom.[2] That same day, Gray submitted an inmate complaint stating that McCollough refused to refer him to someone in PSU. McCollough did not learn that Gray had submitted the inmate complaint until January 2023, after this lawsuit was filed.

In April and May 2022, Gray had a prescription for the oral medication vortioxetine to treat mood and anxiety. Various correctional staff, including Officer McCollough, delivered vortioxetine to Gray every day during those months with the following exceptions: Gray's medical records do not show that Gray received vortioxetine on April 11, 17, and 21, or on May 1, 18, 20, 21, and 23. Of those days, Officer McCollough was assigned to deliver inmate medications on the last four of those days. However, Health Services Unit ("HSU") staff responsible for stocking the medication cart had failed to put vortioxetine on the cart for Gray for each of those four days, so McCollough was not able to provide the medication to Gray.

Between April 28 and May 30, 2022, Gray submitted four, Health Service Requests ("HSRs") or Psychological Service Requests ("PSRs"), dated May 1, 21, 29, and 29. Gray also had three health appointments on May 2, May 9, and May 16. In his first PSR, dated

---

[2] Although defendant denies saying this, the court accepts plaintiff's version of events as true for purposes of the motion being considered.

May 1, Gray stated that vortioxetine "is not working at all."  In the second, third, and fourth HSR or PSR, Gray did not state that he was experiencing any health or psychological symptoms.

On May 9, 2022, Gray told his physician that he did not notice any improvement in his mood from taking vortioxetine.  On that day, Gray's physician noted that Gray had failed his trial of vortioxetine, and the physician intended for Gray to taper off that medication.  During the May 16, appointment, Gray's medical provider noted that Gray stated he was "feeling much better" and "did not need PSU services anymore but would write in if he wanted to be seen again."  Gray did not request to be seen again in May of 2022.

OPINION

On a motion for summary judgment, the question is whether there are any genuine factual disputes that could make a difference to the outcome of the case or, stated another way, whether a reasonable jury could find for the nonmoving party after drawing all reasonable inferences in that party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Loudermilk v. Best Pallet Co., LLC*, 636 F.3d 312, 314–15 (7th Cir. 2011); *Montgomery v. American Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010).

Plaintiff contends that defendant violated his rights under the Eighth Amendment and state law by: (1) ignoring his emergency call on April 28, 2022; and (2) refusing to deliver vortioxetine on May 18, 20, 21, and 23, 2022.  Plaintiff also contends that defendant's refusal to provide his prescribed medication was in retaliation

for an inmate complaint he had filed about the April 28 intercom incident, in violation of the First Amendment. The court will consider plaintiff's Eighth Amendment claims before turning to his First Amendment claim.

I. **Eighth Amendment**

The Eighth Amendment prohibits prison officials from consciously disregarding serious medical and mental health needs of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prisoner may prevail on a claim that he was denied medical or mental health treatment by showing that: (1) he had an objectively serious mental health condition; and (2) defendants acted with deliberate indifference to that condition. *Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017); *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).

Turning first to plaintiff's claim that defendant ignored his emergency cell call on April 28, 2022, defendant contends that plaintiff has not shown that he faced an objectively serious risk of harm of which defendant was aware. The court agrees. Plaintiff's only evidence that he had a serious mental health need posing an objectively serious risk of harm is his own statement that he was suffering mental anguish after learning of a death in his family. However, this was not enough, by itself, to put *defendant* on notice that plaintiff faced a serious risk of harm if he did not speak with someone from PSU. *See Wright v. Funk*, 853 F. App'x 22, 24 (7th Cir. 2021) ("[N]o reasonable jury could find that [prison staff] knew of a substantial risk of suicide based on [prisoner's] statements that he was having suicidal thoughts and would like to speak with someone from the psychological

4

services unit."); *Johnson v. Garant*, 786 F. App'x 609, 610 (7th Cir. 2019) ("[A] reasonable jury could not find that the defendants knew of a substantial risk of suicide based only on Johnson's statements that he felt suicidal and wanted to speak to a crisis counselor."). Importantly, plaintiff also provided no evidence that he suffered any actual physical or psychological harm nor was placed at any real risk from defendant's response (or lack thereof) to his intercom call. Of course, this is a different question whether Officer McCollough's response met the standard of professionalism expected of a correctional officer, but defendant is defendant is entitled to summary judgment on plaintiff's Eighth Amendment and state law claims based on the intercom call alone.

Plaintiff's second claim also fails. Although plaintiff contends that defendant acted with deliberate indifference to his serious medical needs by failing to deliver his medication to him, plaintiff has provided zero evidence that this defendant was responsible for the missing medication deliveries. To the contrary, the undisputed evidence in this record shows that *HSU staff* failed to put plaintiff's medications on the medication cart on each of the dates in May 2022, and that defendant was responsible for distribution, not stock. *See Miller v. Harbaugh*, 698 F.3d 956, 962 (7th Cir. 2012) ("defendants cannot be [held liable under § 1983] of the remedial step was not within their power).[3] Moreover, plaintiff has failed to show that missing a few days of the vortioxetine medication actually presented any substantial risk of serious harm to him. Instead, the undisputed evidence from plaintiff's medical records shows that: he self-reported receiving no benefit from the

---

[3] Plaintiff has also failed to offer any evidence that defendant had the means to check what medications were stocked, much less responsible for doing so.

medication, his doctor intended to taper plaintiff off of the medication, and plaintiff reported no ill effects from missing doses in May 2022. Therefore, defendant is entitled to summary judgment on this claim as well.

The court will also grant summary judgment to defendant on plaintiff's related state law negligence claims. To succeed on a negligence claim under Wisonsin law, plaintiff would have to prove that defendant (1) breached (2) a duty owed (3) that resulted in (4) an injury or injuries, and damages. *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860. As already discussed, plaintiff has failed here to show that he suffered any injuries or damages as a result of defendant's alleged actions.

## II. First Amendment

Finally, plaintiff contends that defendant violated his First Amendment rights by refusing to deliver his medication in retaliation for plaintiff's inmate complaint about the intercom incident. To establish a First Amendment retaliation claim, however, the burden is on plaintiff to show that: (1) he engaged in activity protected by the First Amendment; (2) the defendant took actions that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) the First Amendment activity was at least a "motivating factor" in defendant's decision to take those actions. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Here, plaintiff's retaliation claim fails because he has submitted no evidence that defendant was even aware of plaintiff's inmate complaint concerning her at the time she failed to distribute his medication. Rather, the only evidence is to the contrary as discussed above. Moreover, defendant has also submitted

6

undisputed evidence that she was not responsible for the missed medication.  Accordingly, defendant is entitled to summary judgment on this claim as well.

## ORDER

IT IS ORDERED that defendant Brittany McCollough's motion for summary judgment (dkt. #32) is GRANTED.  The clerk of court is directed to enter final judgment for defendant and close this case.

Entered this 11th day of September, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge